MEEME MUTUAL HOME PROTECTIVE FIRE INSURANCE COMPANY, Respondent, vs. LORFELD, Appellant.

*November 8—December 6, 1927.*

*Payment: Mistake of fact: What constitutes: Waiver of investigation: Insurer paying loss knowing fire might have been incendiary in origin.*

1. A mistake of fact must rest upon an unconscious ignorance or forgetfulness of a material fact; and one who waives an investigation after his attention has been called to the possibility of the existence of the fact is not acting under a mistake of fact in the legal sense. pp. 324, 325.
2. Where, though the attention of an insurance company was called to the fact that a fire might have been of incendiary origin, it waived further investigation and made a payment under the policy to a creditor of the insured, the insurer was not entitled, on a subsequent confession of the insured that he set the fire, to recover the amount paid on the ground that it acted under a mistake of fact. p. 325.
3. Whether one paying money acted under a mistake of fact must be determined as of the time when the payment was made. p. 325.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action to recover a payment on account of fire loss. Plaintiff carried insurance on the barns of one Brunner. On March 1, 1924, the barns were destroyed by fire set by Brunner himself. The appraised loss was approximately $1,500, and the plaintiff company under its contract had ninety days within which to make payment thereof. The plaintiff suspected the fire to be of incendiary origin and an investigation was made by the state fire marshal. At the close of his investigation the fire marshal advised the plaintiff that there was not evidence sufficient to convict Brunner and advised the company to pay. On March 19, 1924, Brunner gave to the defendant an order for $395 then owing by Brunner to the defendant. On April 26, 1924, about two months after the fire and one month before obliged to pay

under the terms of the policy, the plaintiff paid the amount to *Lorfeld.* On May 5, 1924, Brunner confessed that he had set the fire which resulted in the destruction of the barns.

The plaintiff seeks to sustain the judgment on the theory that the money paid by it to defendant was paid under a mistake of fact. The findings of the trial court with respect to this issue are as follows:

"That at the time when plaintiff paid the order to defendant neither the plaintiff's officers nor the defendant had any actual knowledge or any satisfactory evidence that Brunner had set fire to his buildings; that both said officers and the defendant had suspicions on that subject but lacked proof. That payment of the order was made by plaintiff's officers and directors upon the belief on their part that the plaintiff was legally liable on the policy to Brunner for his loss; that said payment was made under a mistake of fact as to the origin of the fire because the officers had no proof of the fact that Brunner had set fire to the buildings. That if the officers had possessed knowledge of that fact, or proof of it, the payment would not have been made by plaintiff to defendant. That the evidence does not show any negligence on the part of the plaintiff in attempting to ascertain the cause of said fire, and that it does not appear from the evidence that by reason of the payment made by plaintiff to defendant the defendant so changed his position to his prejudice that it would now be unjust to require him to refund that payment to plaintiff."

From a judgment directing repayment the defendant appealed.

For the appellant there was a brief by *Kelley & Wyseman* of Manitowoc, and oral argument by *A. J. Wyseman.*

For the respondent there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *C. E. Brady.*

VINJE, C. J. There is practically no dispute in the evidence. The findings of the trial court are well supported by it. The controversy arises over what in law constitutes a mistake of fact. This matter was carefully considered by

this court in *Kowalke v. Milwaukee E. R. & L. Co.* 103 Wis. 472, 79 N. W. 762.   The court there said:

"The most philosophical definition we have found is that presented by Pomeroy (Eq. Jur. § 839) : *'an unconscious ignorance or forgetfulness of the existence or nonexistence of a fact, past or present, material to the contract.'*   This definition contains several elements, each of which, as above suggested, must be explained and qualified in its practical application.   Thus, the ignorance must be unconscious; that is, not a mental state of conscious want of knowledge whether a fact which may or may not exist does so.   This idea is involved in, and furnishes a reason for, the exception pointed out by Dixon, C. J., in *Hurd v. Hall,* 12 Wis. 112, 127, on authority of *Kelly v. Solari,* 9 Mees. & W. 54, viz.: Where a party enters into a contract ignorant of a fact, but meaning to waive all inquiry into it, or waives an investigation after his attention has been called to it, he is not in mistake, in the legal sense.   These limitations are predicated upon common experience, that, if people contract under such circumstances, they usually intend to abide the resolution either way of the known uncertainty, and have insisted on and received consideration for taking that chance.

"Akin to the rule that the ignorance must be unconscious, though going still further as an exception, is the other rule, that ignorance must not be due to negligence, although there be no actual suspicion with reference to the fact in question." Citing authorities.

The trial court has acquitted the plaintiff of negligence, but its findings bring him squarely within the rule that a mistake of fact must rest upon unconscious ignorance, and that where one waives an investigation after his attention has been called to the possibility of the existence of the fact, he is not acting under a mistake of fact in the legal sense. Here the attention of the plaintiff was called to the fact that the fire might be of incendiary origin.   It had the benefit of investigation by the state fire marshal as well as such investigation as it had made or could make on its own account; and with full knowledge of all the facts, conscious of the fact that the fire might be of incendiary origin. it nevertheless

paid. Under such circumstances it cannot be said that the plaintiff acted under a mistake of fact in the legal sense. The act must be judged as of the time when the payment was made. The plaintiff was not unconscious or forgetful of the fact that the fire might be of incendiary origin, but in spite of that knowledge and conscious of that fact concluded to pay. The payment under such circumstances was voluntary, was not made under a mistake of fact, and cannot be recovered by the plaintiff. In *Ball v. Shepard,* 202 N. Y. 253, 95 N. E. 719, it is held that there can be no recovery unless the mistake which is relied upon as the basis of the recovery arose in the transaction between the parties to the action; but we do not base our decision upon this rule but upon the one stated, and mention the case only because the trial court cited it and seemed to rest his decision upon it.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint upon the merits.